IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY BROWNLOW,

    Petitioner,                  No. CIV S-07-2423 GEB EFB P

    vs.

ARNOLD SCHWARZENEGGAR, et al.,

    Respondents.          ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma pauperis* and a motion for the appointment of counsel. As noted below, this action should be transferred to the district where the petitioner is incarcerated. Accordingly, this court will not reach the merits of petitioner's current requests.

       Petitioner is presently incarcerated at California State Prison, Los Angeles, which is located in Los Angeles County. Petitioner is challenging an August 14, 2007, parole revocation.

       A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). The U.S. Supreme Court recently reiterated that, with certain infrequent exceptions not applicable here:

1

> the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, *not the Attorney General or some other remote supervisory official.*

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004) (emphasis added) (refusing to recognize the Secretary of Defense as the custodian of military detainees, and finding that the commander of the brig where Padilla was being held is the proper custodian). *See also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (Parole Commission is not custodian despite its power to release petitioner). *But see Ortiz-Zandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996) (permitting the head of California Corrections to be the proper custodian, but this case is in doubt after *Padilla* which held that a remote supervisory official was not to be the custodian). Thus, the proper custodian is the warden or sheriff in charge of the facility where the prisoner is confined.

Any warden or sheriff in California is amenable to personal jurisdiction in Eastern District parole eligibility cases because personal jurisdiction is a state-wide, not individual district, concept. However, venue concepts are oriented to individual districts. In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Because it is difficult to stretch "conviction and sentencing" into a decision revoking parole, only the first venue option is appropriate. Moreover, since prisoners are not normally transferred about for parole eligibility hearings, the district of confinement would normally be the district of "conviction and sentencing" anyway even if that rubric were utilized in the parole revocation setting.[1]

---

[1] If the literal interpretation of "conviction and sentencing" were to be employed, i.e., the district where petitioner suffered his underlying conviction, maintaining the action in that place in parole suitability situations would not be as appropriate as having it in the place of confinement. First, in the logistical sense, the issue of parole suitability has little to do with the place of conviction – the court will not be concerned with the ease of mustering witnesses and

Thus, the court should not maintain this parole revocation case in this district. [2]

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California. 28 U.S.C. § 2241(d).

DATED: December 3, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

evidence. Secondly, even though the local government officials at the place of conviction may retain an interest in having parole denied, habeas cases are handled by the state Attorney General's Office, and local officials are not involved in the federal court litigation regarding review of the parole eligibility decision. The issues involved in the federal court review will not center about the opinions of local officials, and even if it did, those opinions will be of record already.

[2] The opposite policy is in effect for the "usual" habeas cases involving attack upon a conviction or sentence. In those cases there is an advantage to transferring to the district of conviction because evidence and witnesses for any evidentiary hearing are more likely to be located there. The California federal district courts have long employed a blanket transfer policy to the district of conviction for "conviction" habeas cases.

3